CHAD M. BOYER
v.
DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, OFFICE OF STATE POLICE
No. 2009 CA 0700.
Court of Appeals of Louisiana, First Circuit.
October 23, 2009.
Not Designated for Publication
FLOYD J. FALCON, Jr., DANIEL l. AVANT, Counsel for Plaintiff-Appellee Chad M. Boyer
KATHY DUHON WILLIAMS Counsel for Defendant-Appellant Department of Public Safety and Corrections, Office of State Police.
Before: PARRO, KUHN, and McDONALD, JJ.
KUHN, J.
Plaintiff-appellee, Chad Boyer, was terminated for cause from his employment with defendant-appellant, the Department of Public Safety and Corrections, Public Safety Services, Office of Louisiana State Police (LSP). Boyer timely appealed his termination to the State Police Commission (the Commission), which, after a public hearing, granted in part and denied in part the appeal: the Commission reduced the disciplinary action taken by the LSP from termination to a two-week suspension; ordered reimbursement of wages lost, together with interest, from the end of the two-week suspension until paid, subject to an offset for earnings or unemployment benefits received by him until the date of the decision; and awarded $1,500 in attorney fees. We affirm.
On appeal, LSP asserts the Commission erred in: concluding that Boyer violated only two of the six charges alleged against him; reducing the discipline from termination to a two-week suspension; and awarding him attorney fees.
We find no manifest error in the Commission's factual findings. See Bannister v. Dep't of Streets, 95-0404, p. 8 (La. 1/16/96), 666 So.2d 641, 647. Although LSP urges that the complained-of conduct constituted violations of Louisiana State Police Policy and Procedural Manual Nos. 01-02.13, UNSATISFACTORY PERFORMANCE; 01-02.05, CONDUCT UNBECOMING AN OFFICER; 01-02.07 BADGE OF OFFICE; and 01-02.46, REPORTING OF INFORMATION, the record supports the Commission's ultimate conclusion limiting the infractions to violations of 01-02.02, LAW ENFORCEMENT CODE OF ETHICS and 01-02.22, DISSEMINATION OF INFORMATION. We note that LSP Superintendent Colonel Stanley Griffin admitted in his testimony that the same conduct served as the basis for each charge levied against Boyer. In light of the testimonial and documentary evidence, we cannot say that the Commission erred in its express findings that the conduct of Boyer amounted to violations of Louisiana State Police Policy and Procedural Manual Nos. 01-02.02, LAW ENFORCEMENT CODE OF ETHICS and 01-02.22, DISSEMINATION OF INFORMATION; or in its implicit determination that Boyer's conduct was prejudicial to LSP or detrimental to LSP's efficient operation. See Walters v. Dep't of Police of City of New Orleans, 454 So.2d 106, 113 (La. 1984) ("cause" for dismissal includes conduct prejudicial to the public service in which the employee in question is engaged or detrimental to its efficient operation); see also Huval v. Dep't of Public Safety & Corr., XXXX-XXXX, pp. 7-9 (La. App. 1st Cir. 10/23/09), ___ So.3d ___, ___ (concluding there was no manifest error in the Commission's factual findings, including its implicit finding that disclosure of confidential information without proper authority constituted prejudice and detriment to the efficient operations of LSP); and Berry v. Dep't of Public Safety and Corr., 2001-2186, p. 13 (La. App. 1st Cir. 9/27/02), 835 So.2d 606, 615 (noting that since the public puts its trust in the police department as a guardian of its safety, it is essential that the appointing authority be allowed to establish and enforce appropriate standards of conduct for its employees sworn to uphold that trust).
Although LSP complains that the Commission erred in modifying the discipline imposed from termination to a two-week suspension, we are bound to affirm unless the Commission's order is "arbitrary, capricious, or characterized by an abuse of discretion." See Bannister v. Depft of Streets, 95-0404 at p. 8, 666 So.2d at 647. A conclusion of a public body is "capricious" when the conclusion has no substantial evidence to support it or the conclusion is contrary to the substantiated competent evidence. The word "arbitrary" implies a disregard of evidence or of the proper weight thereof. Bailey v. Dep't of Public Safety and Corr., 2005-2474, p. 15 (La. App. 1st Cir. 12/6/06), 951 So.2d 234, 243.
Applying this standard to the Commission's reduction of discipline from termination to a two-week suspension, we cannot reverse. Although as original triers of the facts we would wholeheartedly uphold the appointing authority, we are not allotted that task in our review.
In its reduction of the discipline, the Commission stated:
During Mirandized questioning, Boyer utilized reflected hindsight after being accused of criminal conspiracy to admit that he erred in judgment  [the investigator] stated, "[Boyer], do you realize what, uh, you did as  far as providing information about  about uh, ongoing criminal investigations being conducted by State Police?"  Boyer stated, "I didn't  not at the time ...[.]" He further stated that he gave [the unauthorized person] information in hopes of retrieving illegal gaming information about "wire numbers" of another bookie.
Boyer testified he simply advised the unauthorized person, whom he believed to be a confidential informant for his former partner, Todd Huval,[1] that "the heat [was] already on" the operative that LSP had created in hopes of discovering whether a "leak" existed in LSP. Boyer acknowledged that the information might have revealed to the unauthorized person that LSP "may be" starting an investigation on the operative. He emphasized that when he conveyed the information to the unauthorized person, the operative had neither been accused of a crime nor was present in the State of Louisiana. Given the Commission's decision to credit this testimony by Boyer, we cannot conclude that its reduction in discipline from termination to a two-week suspension is arbitrary, capricious, or characterized by an abuse of discretion. Under Boyer's version of events, Huval was working out of town and asked him to follow up on a lead. He communicated to an unauthorized person, whom he believed to be a confidential informant of his former partner. Boyer testified that he asked the unauthorized person what he knew about the fictitious operative and that it was only after the unauthorized person revealed what he knew  information which Boyer already knew  that he advised, "[W]ell, the heat's already on him." Boyer added, "I need something better than that," to which the unauthorized person replied that he would provide Boyer with some wire room numbers.[2] Given the Commission's decision to accept this version of events, its reduction of discipline from termination to a two-week suspension is not an abuse of discretion. See and compare Huval v. Dep't of Public Safety & Corr., XXXX-XXXX at pp. 11-13, ___ So.3d at ___ (concluding the Commission abused its discretion in finding that Huval had a personal relationship with the unauthorized person, a convicted felon, and permitted his feelings of friendship to enable the unauthorized person access to LSP information but then reduced Huval's discipline from termination to an eight-week suspension with a recommendation that he be reassigned to "a position that does not rely heavily on confidential or privileged information").
Boyer's testimony supports the Commission's reliance on the mitigating factors that he did not believe his actions were improper when he disclosed the confidential information indicating that LSP was aware of the operative; and that his motivation in talking to the unauthorized person was a desire to obtain evidence of ongoing criminal activity. While we, as triers of the facts, would not have necessarily accepted Boyer's version of events as true, on appellate review, we cannot say that the Commission's decision to do so has no substantial evidence to support it or is contrary to the substantiated competent evidence. Nor, in light of Boyer's testimony, can we say the Commission disregarded the evidence or improperly weighed it in light of the entire record.
Finally, LSP's assertion that the Commission erred in awarding Boyer his attorney fees is without merit. See State Police Commission Rule 13.26(a) (providing that when the Commission renders a decision which modifies an action that has been appealed, the appellee may be ordered to pay attorney fees in an amount not to exceed $1,500, unless the Commission concludes that the appointing authority has acted arbitrarily and capriciously, in which case the Commission may award reasonable attorney fees in excess of that amount). Having rendered a decision that modified the action of the appointing authority, the award of $1,500 in attorney fees was within the Commission's discretion.
Accordingly, the decision of the Commission is affirmed. Costs of this appeal in the amount of $413.50 are assessed against defendant-appellant, Louisiana Department of Public Safety and Corrections. This memorandum opinion is issued in compliance with La. URCA Rule 2-16.1.B.
AFFIRMED.
PARRO, J., dissenting.
Although I agree that the Commission's factual findings are reasonable in light of the record reviewed in its entirety, I disagree with its conclusion that Chad Boyer's violation of the policies and procedural rules of the Louisiana State Police (LSP) did not constitute grounds for termination.
The LSP imposed the sanction of termination based on Mr. Boyer's actions that centered around his dealings with a convicted felon with whom he shared confidential information at Trooper Todd Huval's request. I agree with the majority's finding that the record supports the Commission's ultimate conclusion limiting the infractions to violations of 01-02.02, Law Enforcement Code of Ethics, and 01-02.22, Dissemination of Information, and I agree with the Commission's implicit finding that Mr. Boyer's actions were prejudicial to the public service of LSP or detrimental to the efficient operations of LSP. See Walters v. Department of Police of New Orleans, 454 So.2d 106, 113 (La. 1984). However, I believe that the discipline imposed by LSP was commensurate with the severity of the infractions; therefore, I feel that the Commission's exercise of its authority in reducing Mr. Boyer's termination to a two-week suspension was an arbitrary and capricious interference with the authority of the LSP to manage its department.[1] The LSP had sufficient legal cause to take disciplinary action and carried its burden of proof. In my opinion, the punishment imposed by the LSP, i.e., termination, was commensurate with the infractions proven. Accordingly, I would reverse the Commission's ruling and reinstate the disciplinary action taken by the LSP.[2] Therefore, I respectfully dissent.
NOTES
[1] See Huval v. Dep't of Public Safety & Corr., XXXX-XXXX (La. App. 1st Cir. 10/23/09), ___ So.3d ___, the separate appeal of Huval, who was also terminated as a result of the same investigation.
[2] The record establishes that wire room numbers are the phone numbers used to call bookies to place bets.
[1] Since the public puts its trust in the state police as a guardian of its safety, it is essential that the appointing authority be allowed to establish and enforce appropriate standards of conduct for its employees sworn to uphold that trust. See Berry v. Dep't of Public Safety and Corr., 01-2186 (La. App. 1st Cir. 9/27/02), 835 So.2d 606, 615. The LSP operates a quasi-military institution where strict discipline is imperative. Id.
[2] The reversal of the Commission's ruling would necessarily include a reversal of the award of $1,500 in attorney fees to Mr. Boyer and his attorney.